PRISON LEGAL NEWS; the Seattle Weekly; Jennifer Vogel, Plaintiffs–Appellants,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS; Eldon Vail, in his individual capacity and as Deputy Assistant Secretary of the Washington State Department of Corrections (DOC); Joseph Lehman, in his individual capacity and as Secretary of the Washington State Department of Corrections (DOC), Defendants–Appellees.

No. 00–35095.
D.C. No. CV–99–00231–WFN.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2001.
Decided March 21, 2001.

Before PREGERSON, THOMAS, and GOULD, Circuit Judges.

MEMORANDUM *

Plaintiffs-appellants Prison Legal News ("PLN"), The Seattle Weekly, and Jennifer Vogel appeal from the district court's decision dismissing their claims for monetary, declaratory, and injunctive relief based on a finding of qualified immunity.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

We affirm in part, reverse in part, and remand for further proceedings.

■ The district court properly concluded that the defendants are entitled to qualified immunity for their decision to prohibit all Washington State inmate subscribers from receiving the May 1999 edition of the PLN. "Law enforcement officers ... enjoy qualified immunity from civil damage suits unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Schwenk v. Hartford*, 204 F.3d 1187, 1195–96 (9th Cir. 2000) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). The PLN May 1999 edition contained a reprint of an article entitled, "Black Guard, White Guard: Racism in Washington Continues," which was authored by Vogel and was originally published in The Seattle Weekly. Because the article contains the names of correctional employees who continue to work in the general prison population, and because the defendants assert that distribution of the article was prohibited out of concern for the safety of these employees, we cannot say that the law was sufficiently established to alert a reasonable officer that prohibiting inmates from receiving the article was improper. Therefore, we affirm the district court's decision granting the defendants' motion for summary judgment on the plaintiffs' claim for monetary damages based on a finding of qualified immunity.

■ The district court erred, however, by also dismissing the plaintiffs remaining claims for declaratory and injunctive relief pursuant to a finding of qualified immunity. Both the Supreme Court and the Ninth Circuit have consistently held that the doctrine of qualified immunity shields "'government officials performing discretionary functions ... from liability for *civil damages* ...'" *Lytle v. Won-drash*, 182 F.3d 1083, 1086 (9th Cir.1999) (quoting *Harlow*, 457 U.S. at 818) (emphasis added). Qualified immunity "does not bar actions for declaratory or injunctive relief." *Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 527 (9th Cir. 1989) (citing *Harlow*, 457 U.S. at 806).

Therefore, we reverse the district court's decision granting summary judgment for the defendants on the plaintiffs' claims for declaratory and injunctive relief. We remand for further proceedings on the declaratory and injunctive relief claims, which are to be considered under the four-part test set forth by the Supreme Court in *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS DISPOSITION.